**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**DARIUS JEROME FLOWERS,**<br><br>Defendant | NO. 5: 09-CR-29 (HL)<br><br>**VIOLATIONS:** Post Office Robbery Related |

## ORDER OF DETENTION PENDING TRIAL

**In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Charles E. Cox, Jr. of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence presented to the court by counsel for the government, as well as the contents of the Pretrial Services Report dated May 1, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.**

### PART I - FINDINGS OF FACT

☐ **(1) There is PROBABLE CAUSE to believe that the defendant has committed an offense**

  ☐ **for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.**

  ☐ **under 18 U.S.C. §924(c).**

☐ **(2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.**

#### ALTERNATIVE FINDINGS

☐ **(1) There is a serious risk that the defendant will not appear.**

☒ **(2) There is a serious risk that the defendant will endanger the safety of another person or the community.**

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

**Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated May 1, 2009, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were defendant Flowers to be released from custody at this time. Defendant Flowers is a life-long resident of Bibb County, Georgia, and has strong family ties to the community. However, the offenses charged against him are serious felonies for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 78 months to 97 months to be served in prison.**

**The weight of evidence is strong: evidence presented to the court establishes that defendant Flowers' involvement in the robbery of the U. S. Post Office on December 1, 2008 (which forms the basis for the indictment herein) was aiding and abetting defendants Harold Leroy Housley, Jr. and Vernon Anthony Reid who actually entered the post office facility brandishing a revolver and a shotgun. Defendant Flowers involvement included "casing" the facility just prior to the robbery and, along with defendant Willie James Williams, Jr., assisting the escape of defendants Housley and Reid after the robbery.**

**Defendant Flowers was sentenced on November 17, 2008, in Drug Court of the Superior Court of Bibb County on a charge of POSSESSION WITH INTENT TO DISTRIBUTE COCAINE.** *Two weeks later*, **he was charged by state authorities with ARMED ROBBERY relating to the robbery of the post office.**

**For the foregoing reasons, the undersigned finds that defendant Flowers would pose a serious danger to the community were he to be released from custody.  By involving himself in a serious violent crime, particularly so soon after disposition in Drug Court, he has exhibited a propensity to violate the law.  Pretrial detention is thus mandated.   IT IS SO ORDERED AND DIRECTED.**

## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 6th day of MAy, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE